The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MELISSA ERWIN, on her own behalf and on behalf of others similarly situated,

Plaintiff,

v.

CLUB MED SALES, INC., a Delaware corporation,

Defendant.

Case No. 2:26-cv-01397-JHC

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANT CLUB MED SALES, INC.'S MOTION TO DISMISS COMPLAINT**

Defendant Club Med Sales, Inc. ("Club Med" or "Defendant") respectfully submits this Notice of Supplemental Authority in support of its Motion to Dismiss. Dkt. 17. On July 16, 2026, after Club Med submitted its Motion to Dismiss, Judge Settle entered an order dismissing a CEMA claim in *Mariah Meade v. Profusion Cosmetics Corp.*, No. 3:26-cv-05498, 2026 WL 2098093, at *2 (W.D. Wash. July 16, 2026), and holding that even in the context of CEMA, the "CPA still requires the plaintiff to show the defendant caused injury to their business or property." The order applies directly to Club Med's pending motion to dismiss. The opinion is attached as **Exhibit A**.

DATED this 22nd day of July, 2026.

NOTICE OF SUPPLEMENTAL AUTHORITY
(2:26-cv-01397-JHC) – 1

DAVIS WRIGHT TREMAINE LLP


By: s/ Lauren B. Rainwater
    Lauren B. Rainwater, WSBA #43625
    Rachel Herd, WSBA #50339
    Quincy Rush, WSBA #62834
    920 Fifth Avenue, Suite 3300
    Seattle, WA 98104-1610
    Tel: 206.622.3150
    E-mail: laurenrainwater@dwt.com
    E-mail: rachelherd@dwt.com
    E-mail: quincyrush@dwt.com

    *Attorneys for Defendant Club Med Sales, Inc.*

NOTICE OF SUPPLEMENTAL AUTHORITY
(2:26-cv-01397-JHC) – 2

# Exhibit A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARIAH MEADE,

               Plaintiff,

   v.

PROFUSION COSMETICS CORP,

               Defendant.

CASE NO. 3:26-cv-05498-BHS

ORDER

THIS MATTER is before the Court on defendant Profusion Cosmetics Corp's motion to dismiss plaintiff Mariah Meade's complaint. Dkt. 14.

This is a putative class action. Dkt. 1-1. Meade alleges that between December 24, 2023, and December 26, 2023, Profusion sent her four emails, each announcing the last day of a sitewide sale. *Id.* at 9–10. But one day later, on December 27, Profusion sent an email extending the promotion. She alleges these emails exemplify Profusion's practice of regularly sending consumers marketing emails with falsely urgent promotions followed by surprise extensions. *Id.* at 7–8.

On April 15, 2026, Meade sued Profusion in Pierce County for violating Washington's Commercial Electronic Mail Act (CEMA) and Consumer Protection Act

ORDER - 1

(CPA). *Id.* at 2, 15–16. Profusion removed the case to this Court. Dkt. 1. On her CEMA claim, Meade seeks "all available relief, including an injunction against further violations," and on her CPA claim, she similarly asks for an injunction and statutory damages. Dkt. 1-1 at 16–17.

Profusion moves to dismiss both claims as time barred. Dkt. 14. It argues CEMA claims are subject to RCW 4.16.130's two-year limitations period. *Id.* at 7 (citing *Gordon v. BAC Home Loans Servicing, LP*, No. CV-10-5140-LRS, 2011 WL 1565363 (E.D. Wash. 2011), *affirmed,* 465 F. App'x 731 (9th Cir. 2012)). It contends that because Meade brings a "standalone CEMA claim for injunctive relief," the CPA's four-year limitations period, specific to damages claims, does not apply. Dkt. 16 at 7. It argues that because Meade's CPA claim depends on her CEMA claim, it too is time barred. Dkt. 14 at 8.

Meade argues both claims are subject to a four-year limitations period. Dkt. 15 at 8–9. She reasons that CEMA does not expressly include a statute of limitations and derives from the CPA, which has a four-year statute of limitations. *Id.* at 9 (citing *Latimer v. AT&T Mobility LLC*, 605 F. Supp. 3d 1333, 1339 (W.D. Wash. 2022)).

## I.    DISCUSSION

Dismissal under Federal Rule of Civil Procedure 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility"

ORDER - 2

when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Although courts must accept as true the complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion to dismiss. *Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). The Court's review is "limited to the complaint, materials incorporated into the complaint by reference, and matters of which the Court may take judicial notice." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

When granting a Rule 12(b)(6) motion to dismiss, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, when the facts are not in dispute and the sole issue is whether there is liability as a matter of substantive law, courts may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

The CPA imposes a four-year statute of limitations on damages claims. RCW 19.86.120. CEMA does not expressly include a statute of limitations. *See* Chapter 19.190 RCW.

Whether CEMA adopts Washington's "catch-all" two-year limitations period, RCW 4.16.130, or the CPA's four-year limitations period is unresolved. At least one court in this district has suggested that because CEMA expressly references the CPA, the statute of limitations should be four years, despite recognizing this as a novel state law issue. *Latimer v. AT&T Mobility LLC*, 605 F. Supp. 3d 1333, 1339–40 (W.D. Wash. 2022). On the other hand, the Ninth Circuit has affirmed, in an unpublished opinion, an Eastern District of Washington case ruling that CEMA was subject to a two-year limitations period. *Gordon*, 465 F. App'x at 732. The Court could find no controlling state law on this issue. Although the Court is not bound by the Ninth Circuit's decision in *Gordon*, it chooses to follow it.

Furthermore, although a CEMA violation is a *per se* CPA violation, CEMA does not automatically adopt the four-year limitations period. RCW 19.190.100; *Brown v. Old Navy, LLC*, 4 Wn.3d 580, 584 (2025); *see, e.g., Mackey v. Maurer*, 153 Wn. App. 107, 114 (2009) (usury action's statute of limitations is independent of the CPA's, despite usury being a *per se* CPA violation).

The Court therefore determines that Meade's CEMA claim is time-barred. She had until December 2025 to file her CEMA claim, but brought it months later in April 2026. There are no facts Meade can allege that would remedy this defect, making amendment

ORDER - 4

futile. *Gaskill v. Travelers Ins. Co.*, No. 11-cv-05847 RJB, 2012 WL 1605221, at *2 (W.D. Wash. 2012).

Finally, the Court agrees Meade cannot plausibly allege a standalone CPA claim premised only on a CEMA violation. Dkt. 14 at 8–9; Dkt. 16 at 9.

Washington's CPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RCW 19.86.020. The plaintiff must establish five elements to succeed on a CPA claim: (1) an unfair or deceptive act or practice, (2) that occurs in trade or commerce, (3) a public interest, (4) injury to the plaintiff in his or her business or property, and (5) a causal link between the unfair or deceptive act and the injury suffered. *Indoor Billboard/Washington, Inc. v. Integra Telecom of Washington, Inc.*, 162 Wash. 2d 59, 73, 170 P.3d 10 (2007).

A successful CEMA claim establishes only the first three elements. RCW 19.190.100. The CPA still requires the plaintiff to show the defendant caused injury to their business or property. Meade has not done so. Dkt. 1-1. She references injury vaguely, asserting only that that Profusion's conduct is "harassment." *Id.* at 3. Her CPA claim, dependent entirely on CEMA, is not cognizable.

Leave to amend a complaint under FRCP 15(a) "shall be freely given when justice so requires." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010). This policy is "to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation omitted). In determining whether to grant leave under Rule 15, courts consider five factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff

ORDER - 5

has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). Among these factors, prejudice to the opposing party carries the greatest weight. *Eminence Cap.*, 316 F.3d at 1052.

Allowing Meade to amend her complaint would not prejudice Profusion, nor is there any claim or evidence of bad faith or undue delay. It would not necessarily be futile, because Meade could assert facts to support a standalone CPA claim.

Profusion's motion to dismiss is **GRANTED**. Meade's CEMA claim is **DISMISSED with prejudice** and **without leave to amend**. Her CPA claim is **DISMISSED without prejudice** and **with leave to amend**. Any amendment must be filed within 30 days of this Order.

**IT IS SO ORDERED.**

Dated this 16th day of July, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 6